WILLIAM CLEMENTS *vs.* WARD MASON.

Waldo. Opinion December 27, 1883.

*Money had and received. Collector of taxes. Town treasurer.*

Where the collector of taxes pays the town treasurer money for which the treasurer does not account either to the town or to his successor in office, and in consequence of such omissions the collector is compelled to pay to the town the same amount of money a second time, he may recover the same of the treasurer who thus neglected to account in an action for money had and received,

ON EXCEPTIONS.

Assumpsit for $300 which the plaintiff, as a collector of taxes, paid to the defendant, as town treasurer, October 20, 1875, for which the defendant gave no credit on the town books, and the plaintiff paid the money a second time to the town. The verdict was for the plaintiff and the defendant alleged exceptions.

The opinion states the material facts.

*Wayland Knowlton*, for the plaintiff, cited : 2 Greenl. Ev. § § 117, 119, 114; *Richardson* v. *Kimball*, 28 Maine, 463 ; *Norton* v. *Kidder*, 54 Maine, 189 ; *Thomaston* v. *Warren*, 28 Maine, 289 ; *State* v. *Barnes*, 29 Maine, 561 ; *Naples* v. *Raymond*, 72 Maine, 213.

*Thompson and Dunton*, for the defendant.

The treasurer of a town is the legal custodian of the funds of the town, and a payment of money by the collector to the treasurer from the proceeds of his collections, is a payment to the town.

The court say, in *Inhabitants of Richmond* v. *Brown & Tr.* 66 Maine, 373, which was an action of assumpsit for money had and received against the collector of taxes who was delinquent in paying over money collected, that the money thus in the hands of the collector was the money of the town, and that the action was maintainable. Judgment was rendered for the plaintiffs. See also, *Inhabitants of Trescott* v. *Moan et als.* 50 Maine, 347. It is not necessary to discuss the question whether, in case the plaintiff had paid the amount of his commitments to the defendant and $300 more, he could maintain an action to recover back the amount so overpaid, for such is not the case at bar. The exceptions show that at no time during the defendant's term of office, had the plaintiff completed his collections by a considerable amount, as there were *more* than $300 due the town from him when the defendant's term of office expired ; therefore the alleged payment of $300 October 20, 1875, was not and could not have been, under any circumstances, an overpayment.

This money collected by the collector being the money of the town even while in his hands, was, when paid to the treasurer, in the legal custody and possession of the town, and should the treasurer convert the same to his own use or in any other manner

illegally divert the resources of the town, he would be accountable to the town and not to the collector.

If this plaintiff paid to the town or to defendant's successor in office, any money in excess of the amount of his commitments, the last money paid was the money of the plaintiff, and he must look for his money where he paid it. If the court should hold that the plaintiff can recover the $300 paid on the twentieth of October, 1875, he can, on the same principle of law, recover the entire amount by him paid to the defendant.

WALTON, J. The question is whether, if a town collector of taxes pays to the treasurer of the town money which the treasurer does not account for to the town nor to his successor in office, and in consequence of such omissions the collector is compelled to pay to the town the same amount of money a second time, and the money first paid to the treasurer is still retained by him, he having in no way accounted for it to the town or to his successor in office, it may be recovered of him by the collector in an action for money had and received.

We think it may. We regard it as settled law that when money has been delivered to the defendant for a particular purpose, to which he has refused or neglected to apply it, it may be recovered back in an action for money had and received. The law is so stated by Professor Greenleaf, and the authorities cited by him fully sustain the proposition. 2 Greenl. Ev. § 119. And see *Norton* v. *Kidder*, 54 Maine, 189.

We see no reason why this rule should not apply to a town treasurer who, having received money from a collector of taxes, neglects or refuses to give the collector credit for it, in consequence of which the collector is compelled to pay the money a second time. We think it should. We think it would be difficult to conceive of a case more proper for its application.

Such was the ruling of the court in this case, and we think the ruling was correct.

> *Exceptions overruled.*
> *Judgment on the verdict.*

APPLETON, C. J., DANFORTH, VIRGIN, PETERS and SYMONDS, JJ., concurred.